

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 26, 2021**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRANDON CHASE NOBLES and | § | CASE NO. 17-50294-rlj13 |
| LAURA DIANE NOBLES, | § | |
|     Debtors. | § | |

## MEMORANDUM OPINION AND ORDER

    Brandon and Laura Nobles filed this chapter 13 case on November 16, 2017. Their chapter 13 plan was approved by the Court on February 1, 2018; the plan is a sixty-month plan that provides for payments of $1,668.34 per month. In September of 2020, however, the Chapter 13 Trustee filed a plan modification under § 1329 of the Bankruptcy Code that increases the plan payments to $2,078.00 per month beginning November 16, 2020, which was the thirty-sixth month of the Nobleses' sixty-month plan.[1] The reason for the modification is the Nobleses' increase in their adjusted gross income to $55,429, which was reflected on their 2019 tax return. Their adjusted gross income for 2018 was $41,400. The modification thus proposes to raise the

---

[1] All § references refer to 11 U.S.C. unless otherwise stated.

Nobleses' monthly payment by about 25% for the balance of their plan term to reflect their increased income.

Section 1329 of the Bankruptcy Code allows the trustee to modify a chapter 13 plan to "increase or reduce the amount of payments on claims of a particular class provided for by the plan." 11 U.S.C. § 1329.

The Nobleses did not file a written objection to the modification and have not filed new schedules I and J to reflect their current actual income and expenses. Instead, through counsel, they orally objected at the hearing on the modification, arguing that as below-median debtors—with an "applicable commitment period" of thirty-six months—they should not be forced to make higher payments for the balance of their sixty-month plan. To underscore their argument, they say that they are presently in arrears under their plan and that their income fluctuates, which makes their gross income amount for any one year unreliable. The Nobleses offered no evidence to support the factual bases for their arguments. The Court construes their argument to say that, as a matter of law, they cannot be required to make higher payments for the balance of their plan term (beyond thirty-six months) because § 1325(b)(1), as incorporated by § 1329, provides that their applicable commitment period is limited to thirty-six months, regardless the plan's term.

Section 1325, the plan-confirmation provision for chapter 13, sets forth, at subsection (a), the requirements for confirmation of a chapter 13 plan. Subsection (b) provides an additional requirement *if* the trustee (or an unsecured creditor) objects to the plan: the debtor's plan must either provide that creditors are paid in full or that all of the debtor's *projected* disposable income "to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." § 1325(b)(1)(A) and (B). As below-median-income debtors, the Nobleses' applicable commitment period is thirty-six months. § 1325(b)(4).

2

Despite this, they proposed a sixty-month plan which was approved by the Court. This is not uncommon as many debtors need sixty months to make the payments required under their plan. Here, the Nobleses construe § 1325(b)(1) to mean that the trustee's plan modification cannot impose higher payments for the duration of their plan that extends beyond the applicable commitment period of thirty-six months. The Nobleses emphasize that the applicable commitment period is *not* the same as the plan term. They say their plan satisfies the requirements of § 1325(b)(1).

The Court disagrees with the Nobleses' position. Section 1329, the modification provision of the Code, states that a plan may be modified to increase or reduce payments under a plan or to extend or reduce the time for such payments. § 1329(a). Subsection (b)(1) states that "[s]ections 1322(a), 1322(b), and 1323(c)" of chapter 13 and "the *requirements* of section 1325(a) . . . apply to any modification under subsection (a) of this section." § 1329(b)(1) (emphasis added).[2] Section 1329(c) states that a plan modification may not provide for payments over a period that expires after the applicable commitment period under § 1325(b)(1)(B) "unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years." The text of § 1329 does not limit *the amount* of the monthly payments proposed under a modification. And thus it does not prohibit an increase in payments for a below-median-income debtor after thirty-six months of a five-year plan.

Section 1329(b)(1)'s incorporation of *the requirements* of § 1325(a) arguably supports the debtors' contention here. This is so because § 1325(a) states, "[e]xcept as provided in subsection (b), the court shall confirm a plan if" the requirements that follow are satisfied.[3] As

---

[2] Section 1322(a) and (b) of the Code address certain required and allowed provisions of a chapter 13 plan. Section 1323(c) concerns the rights of secured creditors under a plan modification.
[3] The requirements are as follows: that the plan generally comply with the provisions of the Code, that all required fees be paid, that the plan be proposed in good faith, that unsecured creditors receive at least as much as they would

stated above, a chapter 13 debtor must, upon objection by the trustee or unsecured creditor, dedicate their disposable income for the applicable commitment period. For below-median debtors like the Nobleses, the applicable commitment period is thirty-six months. From this, one might infer that a trustee's plan modification cannot require that the debtor pay more than thirty-six months of disposable income for a sixty-month plan. The Court rejects such inference. The provisions of § 1325(b) are not part of the *requirements* of §1325(a). They are exceptions to confirmation of a plan under § 1325(a), if an objection is filed. *In re Grutsch*, 453 B.R. 420, 426 (Bankr. D. Kan. 2011).

> At the very least, the courts should agree that the disposable income test *does not* apply when the proponent of the modification is the trustee or the holder of an allowed unsecured claim and the objecting party is the debtor. This would be true as a matter of statutory construction because § 1325(b) applies only upon objection to confirmation by "the trustee or the holder of an allowed unsecured claim."

Keith M. Lundin, *Lundin On Chapter 13*, § 126.3 ¶ 7 (emphasis in original). The thirty-six-month plan term for a below-median debtor is the minimum requirement. Section 1325(a)(1)'s requirement that the plan generally comply with all provisions of chapter 13 is best construed to mean that § 1325(b) is *not* applicable to a plan modification. *Id*. Imposing the provisions of § 1325(b) for a plan modification would render § 1329(b)'s incorporation of §§ 1322(a), 1322(b), and 1323(c) superfluous. *Grutsch*, 453 B.R. at 426. Also, § 1329(c) provides that the court may, for cause, approve a modification that provides for payments after the applicable commitment period. Finally, Lundin's treatise states that the applicable commitment period

> is not a temporal requirement or limitation. Instead, it is a number—the result of the mathematical computation in § 1325(b)(4)—that is used as the multiplier of disposable income in the test for confirmation in § 1325(b)(1). For purposes of modification after confirmation, the applicable commitment period is used

---

were the case a chapter 7 case, that secured creditors be treated as required, that the debtor is able to make the plan payments, that the case is filed in good faith, that the debtor has paid all amounts required under a domestic support obligation, and that all required Federal, State, and local tax returns be filed. § 1325(a).

differently by § 1329(c) as a maximum period of time beyond which the modified plan may not provide for payments.

*Lundin On Chapter 13*, § 126.6 ¶ 11.

The trustee's modification provides for an increase in payments for the balance of the Nobleses' plan term. The increase is based on their increase in income as reflected on their 2019 tax return. Absent other evidence that explains why such increase is unfair or infeasible, the modification is reasonable. The Nobleses, through counsel, merely argue that, as a matter of law, the modification is improper. (Counsel also said the Nobleses are behind on their payments and suggested that their income is sporadic.) The Court finds that the trustee's plan modification complies with § 1329 of the Bankruptcy Code and thus approves the modification. It is, therefore,

ORDERED that the Trustee's plan modification is approved.

### End of Memorandum Opinion and Order ###